# CSM Legal, P.C.
Employment and Litigation Attorneys

| | |
|---|---|
| 60 E 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

September 8, 2023

**Via ECF**
Hon. Paul Oetken
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 11201

    Re: Falcon Moran et al v. P.R. Crepe Ltd. et al
       Docket No.: 22-cv-04804-JPO

Your Honor:

  Our office represents Plaintiffs in the above-referenced matter. I write to respectfully request that the Court approve the settlement agreement ("the Agreement") reached by the Parties herein as "fair and reasonable." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). A copy of the Agreement is attached hereto as Exhibit A.

  Plaintiffs have agreed to settle all of their claims in this action. Specifically, the Parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Agreement. The Agreement is the result of arms-length bargaining between experienced counsel. There was no fraud or collusion by any of the Parties during the settlement process. The Agreement reflects a desire by the Parties to fully and finally settle and compromise all of Plaintiff's claims asserted in this case as outlined more specifically in the attached Agreement.

  The Parties have concluded that the Agreement is fair, reasonable, adequate, and in their mutual best interests. For these reasons, and based on the reasons set forth below, Plaintiffs respectfully request that that Court enter an Order approving the Agreement as fair and reasonable.

I. **Background**

  Plaintiffs filed a Complaint against Defendants alleging claims for unpaid overtime compensation; the failure to provide wage notices; the failure to provide accurate wage statements; and liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and applicable regulations. Plaintiffs allege that they are entitled to back wages of approximately $38,292.50 and would be entitled to approximately $91,344.61 if he had recovered in full for his claims, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached hereto as Exhibit B.

Plaintiffs contend that they were employed by Defendants at a restaurant located at 823 2nd Ave, New York, NY 10017 under the name John's Restaurant. Plaintiff Vicente Moises Falcon Moran was employed by Defendants from approximately 1990 until on or about February 20, 2022. Plaintiff Mario Mendez was employed by Defendants from approximately November 1, 2021 until on or about March 11, 2022. Plaintiff Jorge Guzman Marin was employed by Defendants from approximately 2013 until on or about May 14, 2022. Plaintiffs allege that Defendants engaged in a variety of FLSA and NYLL violations, including the failure to pay lawful wages and notice and recordkeeping violations.

Defendants deny the allegations in the Complaint, deny any wrongdoing, and deny any liability that might cause Plaintiffs to be entitled to the above-claimed sums.

## II.   The Proposed Settlement is Fair and Reasonable

The Parties have agreed to settle this action for the total sum of $25,000.00. Pursuant to the Agreement, the Settlement Amount shall be paid in ten monthly installments of $2,500. The first payment is due within ten (10) days after the Court's approval of the Agreement and the dismissal of this action with prejudice. Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07-cv-00086, 2008 U.S. Dist. LEXIS 46174, at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-08337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.")

The proposed settlement represents a reasonable compromise between the strengths and weaknesses of the Parties' respective positions. Having conferred with Defendants, conducted discovery and depositions, it became clear that there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Towards that end, Defendants produced more than five hundred (500) pages of wage and hour records which purported to show that Plaintiffs did not earn the wages that they claimed to have earned or worked the number of hours that they claimed to have worked. Accordingly, Defendants alleged that, even if Plaintiffs succeeded on liability, which the Defendants disputed, their damages were not near what Plaintiffs claimed them to be.

Considering these risks, and the inherent risks, burdens, and expenses of proceeding to trial, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.")

### III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the settlement agreement, Plaintiffs' counsel will receive $11.884.11 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, plus costs.

Plaintiffs' counsel's lodestar in this case is $33,152.50 and Plaintiff's costs are $3,551.56. A copy of Plaintiffs' billing record is attached as "Exhibit C." The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Castaneda v. My Belly's Playlist LLC,* No. 15-cv-01324 (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 ,at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. 41, 60 (E.D.N.Y. 2010); *see also McDaniel v. City. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Below is a brief biography of the attorneys who performed billable work on behalf of Plaintiffs, including the effective billable rates which Plaintiffs respectfully requests the Court to apply should the Court undertake a lodestar analysis of the fairness of such fees (*see*, e.g, *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 493 F. 3d 110 (2d Cir. 2007)):

i. William K. Oates, was an associate at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. He graduated New York Law School in 1995, and is admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms. Since joining Michael Faillace & Associates, P.C. in December 2020, and C.S.M. Legal, P.C. in November 2021, he was responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court. His work was billed at the rate of $400.00 per hour.

ii. Catalina Sojo ("CS"), is the managing attorney of CSM Legal, PC, she graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. She received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, she focused her practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. Her work is billed at a rate of $350 per hour.

iii. I, Mary Bianco("MB") am an associate at CSM Legal, P.C. I graduated with a J.D. from Brooklyn Law School in 2021. Prior to joining CSM Legal in May 2023, I focused on immigration law, having worked as a staff attorney at Catholic Charities. My work is billed at a rate of $325 per hour.

September 8, 2023
Page 4

       iv.     Work performed by paralegals ("PL") is billed at the rate of $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the Parties are happy to address them.

Plaintiffs thank the Court for its time and consideration of this matter.

                                                      Respectfully submitted,

                                                    /s Mary Bianco
                                                    Mary Bianco, Esq
                                                    CSM Legal, P.C.
                                                    *Attorneys for Plaintiff*

Attachments

cc: Andreas E. Christou, Esq. (via ECF)